**FILED**
**May 10, 2019**
**08:39 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT JACKSON

| | | |
|---|---|---|
| **RICKY POLK,** | ) | **Docket No. 2017-07-0644** |
| **Employee,** | ) | |
| **v.** | ) | **State File No. 40864-2017** |
| **DELTA FAUCET,** | ) | |
| **Self-Insured Employer.** | ) | **Judge Allen Phillips** |
| | ) | |

---

## COMPENSATION HEARING ORDER DENYING BENEFITS

---

The Court held a Compensation Hearing on May 7, 2019, on Mr. Polk's request for medical and permanent disability benefits. For the reasons below, the Court holds Mr. Polk did not prove entitlement to the requested benefits and denies his claim.

### History of Claim

Mr. Polk claimed an injury as a result of a lift truck accident on May 22, 2017. On June 7, Delta provided him a panel of physicians and required him to take a drug test.

During the drug test, a nurse discovered a container of "yellow liquid" in Mr. Polk's underwear. The nurse terminated the test, and Delta fired Mr. Polk. Delta also denied Mr. Polk's claim for benefits, contending his concealment of the container was an attempt to provide a false sample and the equivalent of a positive test. Because Delta was a member of the Tennessee Drug Free Workplace Program, it further asserted that a positive test created a presumption that drug use was the proximate cause of the accident.

For his part, Mr. Polk admitted he concealed a container of urine in his underwear. He offered an explanation of why he did so that the Court later found implausible and lacking credibility. However, he also argued that if Delta had tested him immediately after the accident, then the test would not have been an issue.

1

After an Expedited Hearing, the Court held Mr. Polk would likely prevail at a hearing on the merits in rebutting Delta's Drug Free Workplace defense. In so holding, the Court found that administration of the test sixteen days after the accident was untimely and that OSHA regulations require testing when an accident is recorded in the OSHA injury log. In this case, the Court found Delta should have recorded the injury in the log on May 22 and administered the test then. Because it did not, the test was invalid.

Delta appealed the Court's order. The Appeals Board affirmed but found the Court erred when it determined that the test was invalid. Instead, the Board held that the Court had insufficient evidence to conclude Delta should have recorded the accident on May 22. However, the Board found that Mr. Polk came forward with sufficient evidence that he would likely prevail at a hearing on the merits and remanded the case for further proceedings.

After remand, the Court entered a Scheduling Order that set a deadline for expert medical proof, provided dates for pre-Compensation Hearing filings, and set the Compensation Hearing date. Mr. Polk obtained no medical evidence and did not file the required pre-hearing statement. At the hearing, he said he still suffered pain that affected his ability to work, but he had no health insurance to seek further treatment. On cross-examination, he admitted Delta provided him a medical evaluation pursuant to the Court's Expedited Hearing Order and that the authorized physician did not recommend further treatment.

### Findings of Fact and Conclusions of Law

At a Compensation Hearing, Mr. Polk must establish his entitlement to benefits by a preponderance of the evidence. *Willis v. All Staff*, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *18 (Nov. 9, 2015); *see also* Tenn. Code Ann. § 50-6-239(c)(6) (2018). As pertinent here, he must establish his injury arose primarily out of his employment at Delta by showing that his employment contributed more than fifty percent in causing his injury. Tenn. Code Ann. § 50-6-102(14)(A) and (B). Mr. Polk must establish the required contribution to a reasonable degree of medical certainty. Tenn. Code Ann. § 50-6-102(14)(C).

Here, Mr. Polk did not introduce any medical expert opinion. Thus, he did not establish to a reasonable degree of medical certainty that his injury arose primarily out of his employment, and the Court must deny his claim for further benefits. Because of this holding, the Court need not address any issues regarding the Drug Free Workplace.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Polk's claim against Delta is dismissed with prejudice against its refiling.

2. Costs of $150.00 are assessed against Delta under Tennessee Compilation Rules and Regulations 0800-02-21-.07 (2018), to be paid to the Court Clerk within five business days of this order becoming final.

3. Delta shall prepare and file a statistical data form (SD2) with the Court Clerk within ten business days of the date of this order under Tennessee Code Annotated section 50-6-244.

4. Absent an appeal, this Order shall become final in thirty days.

**ENTERED May 10, 2019.**

**Allen Phillips, Judge**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:

    None

Technical record:

1. Expedited Hearing Order and Exhibits
2. Appeals Board Opinion
3. Scheduling Order
4. Amended Scheduling Order
5. Pre-Compensation Hearing Order
6. Employer's Index of Medical Records
7. Post-Discovery Dispute Certification Notice

3

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Compensation Hearing Order was sent to the following recipients by the following methods of service on May 10, 2019.

| Name | First Class Mail | Email | Service Sent To: |
|------|------------------|-------|------------------|
| Ricky Polk, Self-Represented Employee | X | X | 513 Reid Ave. Brownsville, TN 38012 rickypolk@gmail.com |
| Hailey David, Attorney for Employer | | X | davidh@waldrophall.com |

Penny Shrum, Court Clerk
**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____

2. Address: _____

3. Telephone Number: _____

4. Date of Birth: _____

5. Names and Ages of All Dependents:

    _____  Relationship: _____

    _____  Relationship: _____

    _____  Relationship: _____

    _____  Relationship: _____

6. I am employed by: _____

    My employer's address is: _____

    My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month      Medical/Dental $ _____ per month

Groceries      $ _____ per month      Telephone      $ _____ per month

Electricity      $ _____ per month      School Supplies $ _____ per month

Water      $ _____ per month      Clothing      $ _____ per month

Gas      $ _____ per month      Child Care      $ _____ per month

Transportation $ _____ per month      Child Support      $ _____ per month

Car      $_____ per month

Other      $ _____ per month (describe: _____ )

10. Assets:

Automobile      $ _____      (FMV) _____

Checking/Savings Acct. $ _____

House      $ _____      (FMV) _____

Other      $ _____      Describe:_____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____



**COMPENSATION HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

**Docket #:** _____

**State File #/YR:** _____

_____

**Employee**

v.

_____

**Employer**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge** _____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## List of Parties

**Appellant (Requesting Party):** _____ At Hearing: ☐Employer ☐Employee

Address: _____

Party's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

**<u>Appellee(s)</u>**
**Appellee (Opposing Party):**_____At Hearing: ☐Employer ☐Employee

Appellee's Address: _____

Appellee's Phone: _____ Email:_____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*** Attach an additional sheet for each additional Appellee ***

**<u>CERTIFICATE OF SERVICE</u>**

I, _____ , certify that I have forwarded a true and exact copy of this Compensation Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20___.

[Signature of appellant or attorney for appellant]  _____

Attention: This form should only be used when filing an appeal to the Workers' Compensation Appeals Board. If you wish to appeal a case to the Tennessee Supreme Court, please utilize the form provided by the Court which can be found on their website at the following address:
http://www.tncourts.gov/sites/default/files/docs/notice_of_appeal_-_civil_or_criminal.pdf